ANNA D. HARZ AND MUTUAL BENEFIT INVESTMENT COMPANY, PROSECUTORS, v. BOARD OF COMMERCE AND NAVIGATION OF THE STATE OF NEW JERSEY; CITY OF BAYONNE; TRANSPORT COMPANY, A CORPO-RATION, AND CENTRAL DISTRICT, INCORPORATED, A CORPORATION, DEFENDANTS.

Submitted October 5, 1937—Decided January 28, 1938

Before Justices BODINE, HEHER and PERSKIE.

For the prosecutors, *Benny & Cruden* (*Percival G. Cruden*).

For the board of commerce and navigation, *David T. Wilentz.*

For the city of Bayonne, *Alfred Brenner*.

For Central District, Incorporated, *J. Raymond Tiffany*.

BODINE, J.  A writ of *certiorari* is sought to review a riparian grant and also an option granted to the city of Bayonne by the board of commerce and navigation for the purchase by that city of lands lying under the waters of New York bay said to be contiguous to and fronting lands of the prosecutors.  It was stipulated that if the court determined that the writ should go that it might determine the matter as upon final hearing.

Prosecutors claim to be the owners of lot No. 7, block 154, in the city of Bayonne.  They further claim that this lot constitutes the land binding on ordinary high water, and that lot No. 8 formerly in front of their lot, title to which was transferred to the city and the basis upon which the riparian grant was made, has been lost by submersion and can no longer be considered as upland.

The Supreme Court in *Van Schaick* v. *Board of Riparian Commissioners,* 82 *N. J. L.* 219, denied *allocatur* on almost precisely similar facts.  It was there urged that the grantee of the riparian deed was not the owner of the ripa.  Mr. Justice Garrison said:  "The riparian grant that the prosecutors seek to undermine is regular in form and contains the customary proviso that if the grantee is not the owner of the land adjoining the land under water thereby granted, the grant shall, as regards the state, be void.  That a riparian grant, if such a false suggestion appear upon its face, may be attacked collaterally in an action of trespass or ejectment is established by the case of *Polhemus* v. *Bateman,* 60 *N. J. L.* 163, and the cases in which that decision has been followed."  He then went on to point out that the Court of Chancery had full jurisdiction to annul a grant of lands under water made by the riparian commissioners to one not the owner of the shore front, and that this remedy was strictly legal and more adequate than this court could grant by *certiorari.*

Since it is doubtful, in view of that decision that this court could render any effective judgment at all, the writ will be denied, with costs.